UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SABAS MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1451 |
| ) | |
| MARTIN I. EFMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed with prejudice.

Two New York State judges allegedly have obtained "ill gotten profits against a mentally ill person," the plaintiff, by using the plaintiff's name without compensating him, Compl. at 5, by detaining him in the Suffolk County Jail even though he has not been convicted of a crime, *see id.*, and by violating rights protected by the First, Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution, *see id.* at 5-6. He demands monetary damages of $500,000,000. *Id.* at 5. The complaint will be dismissed with prejudice because it fails to state a claim upon which relief can be granted.

"Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted). Because it appears that the alleged constitutional violations committed by the defendants

occurred in the course of performing judicial functions, judicial immunity protects them from suit. *See id.*; *Mirales v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (noting that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and that it "is not overcome by allegations of bad faith or malice").

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 11/18/2014

_____
United States District Judge